**Madeline COBURN, et al., Appellants,**

v.

**Robert N. MAYER, et al., Respondents.**

**No. WD 75097.**

Missouri Court of Appeals,
Western District.

June 13, 2012.

Application for Transfer to Supreme Court Denied June 26, 2012.

Anthony Rothert, Grant Doty, St. Louis, MO and Stephen Bonney, Kansas City, MO, for Appellants.

James Layton, Jeremiah Morgan, Jefferson City, MO, for Respondents.

Before Special Division: LISA WHITE HARDWICK, Chief Judge, Presiding, VICTOR C. HOWARD, and KAREN KING MITCHELL, Judges.

LISA WHITE HARDWICK, Chief Judge.

This case arises from a ballot measure to adopt a proposed amendment to the Missouri Constitution concerning the free-

dom of religion. Madeline Coburn and Brenda Light Bredemeier (collectively, "Plaintiffs") appeal the circuit court's ruling that the official summary statement for the ballot measure is sufficient and fair. For reasons explained herein, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

On May 10, 2011, the General Assembly passed House Joint Resolution 2 ("HJR 2"), which refers to voters a state-wide ballot measure that, if passed, would adopt a proposed constitutional amendment concerning article I, section 5 of the Missouri Constitution. Article I, section 5, which provides for religious freedom and liberty of conscience and belief, is one of three sections in the Missouri Constitution that address religion.[1] The proposed constitutional amendment would repeal article I, section 5 of the Missouri Constitution and adopt in its place a new article I, section 5 that restates the existing language and adds new language. The proposed article I, section 5, with the new language in italics, provides:

> That all men *and women* have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences; that no human authority can control or interfere with the rights of conscience; that no person shall, on account of his *or her* religious persuasion or belief, be rendered ineligible to any public office or trust or profit in this state, be disqualified from testifying or serving as a juror, or be molested in his *or her* person or estate; *that to secure a citizen's right to acknowledge Almighty God according to the dictates of his or her own conscience, neither the state nor any of its political subdivi-*

> *sions shall establish any official religion, nor shall a citizen's right to pray or express his or her religious beliefs be infringed; that the state shall not coerce any person to participate in any prayer or other religious activity, but shall ensure that any person shall have the right to pray individually or corporately in a private or public setting so long as such prayer does not result in disturbance of the peace or disruption of a public meeting or assembly; that citizens as well as elected officials and employees of the state of Missouri and its political subdivisions shall have the right to pray on government premises and public property so long as such prayers abide within the same parameters placed upon any other free speech under similar circumstances; that the General Assembly and the governing bodies of political subdivisions may extend to ministers, clergypersons, and other individuals the privilege to offer invocations or other prayers at meetings or sessions of the General Assembly or governing bodies; that students may express their beliefs about religion in written and oral assignments free from discrimination based on the religious content of their work; that no student shall be compelled to perform or participate in academic assignments or educational presentations that violate his or her religious beliefs; that the state shall ensure public school students their right to free exercise of religious expression without interference, as long as such prayer or other expression is private and voluntary, whether individually or corporately, and in a manner*

---

1. The other two sections are article I, section 6, which provides that the practice and support of religion are not compulsory but contracts providing for the maintenance or support of churches or clergy are enforceable, and article I, section 7, which provides that no public money shall ever be used to aid any church or religion and that no church or religion shall be given preference or be subject to discrimination.

*that is not disruptive and as long as such prayers or expressions abide within the same parameters placed upon any other free speech under similar circumstances; and, to emphasize the right to free exercise of religious expression, that all free public schools receiving state appropriations shall display, in a conspicuous and legible manner, the text of the Bill of Rights of the Constitution of the United States;* but this section shall not be construed to *expand the rights of prisoners in state or local custody beyond those afforded by the laws of the United States,* excuse acts of licentiousness, nor to justify practices inconsistent with the good order, peace or safety of the state, or with the rights of others.

Pursuant to Section 116.155.1,[2] the General Assembly included an official summary statement for the proposed amendment. The General Assembly's official summary statement reads:

Shall the Missouri Constitution be amended to ensure:

- That the right of Missouri citizens to express their religious beliefs shall not be infringed;
- That school children have the right to pray and acknowledge God voluntarily in their schools; and
- That all public schools shall display the Bill of Rights of the United States Constitution.

The Secretary of State certified the General Assembly's summary statement.

Within ten days after the Secretary of State's certification, Plaintiffs filed a lawsuit challenging the summary statement as insufficient and unfair. The parties stipulated to the facts and filed competing motions for summary judgment. The circuit court found that the summary statement was sufficient and fair and, therefore, rejected Plaintiffs' challenge. Plaintiffs appeal.

## STANDARD OF REVIEW

On appeal from the grant of summary judgment, we apply the same criteria as the circuit court, and our review is *de novo. ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 380.

In this case, the parties argued the sufficiency and fairness of the summary statement based on stipulated facts and exhibits. Accordingly, the only question on appeal is whether the circuit court drew the proper legal conclusions, which is also subject to *de novo* review. *Mo. Mun. League v. Carnahan,* 303 S.W.3d 573, 580 (Mo.App.2010).

## ANALYSIS

█ In their sole point on appeal, Plaintiffs contend the General Assembly's official summary statement for the ballot measure is insufficient and unfair because it deceives and misleads voters about the purpose and effects of the proposed amendment. Plaintiffs assert the summary statement should advise voters that the amendment will repeal prisoners' rights for religious expression and create a negative right for students to refrain from participating in school assignments or presentations.

---

2. All statutory citations are to the Revised Statutes of Missouri 2000, as updated by the

Cumulative Supplement 2011.

Pursuant to Section 116.155.2, the General Assembly's summary statement is limited to fifty words, excluding articles, and it must "be a true and impartial statement of the purposes of the proposed measure in language neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure." As opponents of the summary statement, Plaintiffs have the burden of showing why the statement is insufficient or unfair. § 116.190.3.

This court has previously defined "insufficient" and "unfair" in the context of summary statements to mean " 'inadequate' " and " 'marked by injustice, partiality, or deception.' " *Bergman v. Mills*, 988 S.W.2d 84, 92 (Mo.App.1999) (citation omitted). The critical test is "whether the language fairly and impartially summarizes the purposes of the measure, so that the voters will not be deceived or misled." *Id.* A summary statement is sufficient and fair if it "makes the subject evident with sufficient clearness to give notice of the purpose to those interested or affected by the proposal." *United Gamefowl Breeders Ass'n of Mo. v. Nixon*, 19 S.W.3d 137, 140 (Mo. banc 2000). It is incumbent upon the legislature to prepare a summary statement that endeavors to promote an informed understanding of the probable effect of a proposed amendment. See *Cures Without Cloning v. Pund*, 259 S.W.3d 76, 82 (Mo.App.2008).

The General Assembly's summary statement reads:

Shall the Missouri Constitution be amended to ensure:

- That the right of Missouri citizens to express their religious beliefs shall not be infringed;

- That school children have the right to pray and acknowledge God voluntarily in their schools; and

- That all public schools shall display the Bill of Rights of the United States Constitution.

Plaintiffs contend this summary statement deceives or misleads voters because it promises a change where none is made. Specifically, Plaintiffs note that the summary statement indicates the proposed amendment would "ensure [t]hat the right of Missouri citizens to express their religious beliefs shall not be infringed." Plaintiffs argue that the Missouri Constitution already provides for the right to express religious beliefs without infringement and, therefore, the summary statement misleads voters into thinking that such a right is a change that would be effected by the passage of the proposed amendment. We disagree.

"The mere fact that a proposal references something currently in the Constitution does not make it automatically unfair or prejudicial." *Mo. Mun. League v. Carnahan*, 364 S.W.3d 548, 553 (Mo.App. 2011). "[I]ndeed, such a rule would be absurd in that at least in some instances context demands a reference to what is currently present to understand the effect of the proposed change." *Id.*

In this case, the reference to the presently-existing constitutional right to freedom of religious expression is not misleading because the summary statement expressly states that the purpose of the proposed amendment is to *ensure* that right. The word "ensure" means "to make sure, certain, or safe: guarantee." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 756 (1993). Thus, the summary statement clearly indicates that the purpose of the proposed amendment is to make certain, to safeguard, or to guarantee the right of Missouri citizens to express their religious beliefs without infringement.

This is an accurate description of the proposed amendment's purpose. The current article I, section 5 provides that Missouri citizens "have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences" and "that no human authority can control or interfere with the rights of conscience." The proposed amendment restates this right but elaborates on its meaning with regard to prayer and the expression of religious beliefs in private and public settings, on government and public property, and in schools. The amendment prefaces its discussion of this right in these settings by stating "that to *secure* a citizen's right to acknowledge Almighty God according to the dictates of his or her own conscience, neither the state nor any of its political subdivisions shall establish any official religion, nor shall a citizen's right to pray or express his or her religious beliefs be infringed." (Emphasis added.) The proposed amendment makes certain or safeguards the right to freedom of religious expression by setting forth specific ways to avoid infringing upon this right. By stating that the proposed amendment would ensure the right of Missouri citizens to express their religious beliefs without infringement, the summary statement fairly and impartially summarizes this purpose.

■ Plaintiffs next contend the summary statement is insufficient and unfair because it fails to advise voters that the proposed amendment would "strip" from prisoners their existing state constitutional right to religious freedom and liberty of conscience and belief. After setting forth the specific ways in which the right to freedom of religious expression shall not be infringed, the proposed amendment states that "this section shall not be construed to expand the rights of prisoners in state or local custody beyond those afforded by the laws of the United States." Plaintiffs assert the summary statement should be revised to state that the proposed amendment would "repeal the state constitutional right of prisoners to religious freedom and liberty of conscience and belief."

■ The language of the proposed amendment, however, does not repeal prisoners' state constitutional rights to religious freedom. Rather, it simply makes those rights coextensive with federal law. Whether this has the practical effect of eliminating any "extra" rights afforded prisoners under the Missouri Constitution is purely conjecture, as Plaintiffs articulate no rights that the present article I, section 5 affords prisoners beyond those afforded by the First Amendment.[3] Indeed, the primary case they cite in support of their argument, *Adams v. Moore*, 861 S.W.2d 680, 681–82 (Mo.App.1993), applied the same test used by federal courts when addressing First Amendment claims to decide a prisoner's claim that the Department of Corrections' grooming regulations violated his religious freedom rights under article I, section 5 of the Missouri Consti-

---

**3.** Plaintiffs contend the Supreme Court has repeatedly recognized that the Missouri Constitution provides free exercise rights beyond what the U.S. Constitution provides. They note that, in *Gibson v. Brewer*, the Court stated in dictum " 'that the provisions of the Missouri Constitution declaring that there shall be a separation of church and state are not only more explicit but more restrictive' than the First Amendment." 952 S.W.2d 239, 246 (Mo. banc 1997), (quoting *Paster v. Tussey*, 512 S.W.2d 97, 101–02 (Mo. banc 1974)). This quote from *Gibson* and *Paster* was referring to the separation of church and state provisions found in article I, sections 6 and 7 of the Missouri Constitution, however, not the free exercise provisions of article I, section 5. Plaintiffs do not cite to any cases that have interpreted article I, section 5 to provide greater free exercise rights than those found in the First Amendment.

tution. In any event, the summary statement "need not resolve every question about cases at the periphery of the proposal." *United Gamefowl Breeders,* 19 S.W.3d at 141. Plaintiffs have not established that the failure to include the proposed amendment's rule of construction regarding prisoners' rights renders the summary statement insufficient or unfair.

■ Lastly, Plaintiffs argue the summary statement is insufficient and unfair because it fails to mention that the proposed amendment would create a new right for students to refrain from participating in assignments or educational presentations. The proposed amendment includes a provision "that no student shall be compelled to perform or participate in academic assignments or educational presentations that violate his or her religious beliefs." Plaintiffs assert the summary statement should be revised to state that the proposed amendment would "create a right for any student, whether in public or private schools, to refuse to participate in assignments or classes that violate the student's religious beliefs."

■ As written, however, the General Assembly's summary statement is broad enough to cover this provision. Allowing students the right to refrain from participating in assignments or educational presentations that violate their religious beliefs is one of the ways in which the proposed amendment ensures Missouri citizens the right to express their religious beliefs without infringement. Moreover, the remainder of the summary statement clearly indicates that the proposed amendment

concerns school children's right to freedom of religious expression. Thus, the summary statement states the *subject* of the proposed amendment—ensuring the right of all Missouri citizens, including school children, to freedom of religious expression without infringement—with sufficient clarity to give notice of the purpose to those interested or affected by the proposal. *United Gamefowl Breeders,* 19 S.W.3d at 140.[4]

Within the confines of the fifty-word limit in Section 116.155.2, the summary statement is not required to set out the details of the proposed amendment. See *United Gamefowl Breeders,* 19 S.W.3d at 141 (stating this principle with regard to Section 116.334.1's 100–word limit for summary statements prepared by the Secretary of State). While there may be specific aspects of the ballot measure that Plaintiffs would like to see included in the summary statement, their exclusion does not render the summary statement insufficient or unfair. *Overfelt v. McCaskill,* 81 S.W.3d 732, 739 (Mo.App.2002). The General Assembly's summary in this case is set forth in language that does not appear likely to deceive or mislead voters or any other interested persons as to the purpose of the ballot measure.

## CONCLUSION

We affirm the circuit court's judgment.

ALL CONCUR.

---

4. In the argument portion of their brief, Plaintiffs contend the summary statement is insufficient and unfair because it indicates that "school children" have the right to pray in school, but the text of the proposed amendment ensures the right of only "public school students" to pray in school. This argument is not included within Plaintiff's Point Relied

On, and therefore, it has not been preserved for appellate review pursuant to Rules 84.04(e) and 84.13(a). Nevertheless, given that summary statements are required to set out only the proposed amendment's subject and not its details, Plaintiffs' argument has no merit.