Janey ARCHEY, et al., Appellants,

v.

Robin CARNAHAN, Missouri Secretary of State, Respondent,

Nancy Rice, et al., Intervenors/Respondents.

No. WD 75047.

Missouri Court of Appeals,
Western District.

Aug. 21, 2012.

Anthony E. Rothert, Grant R. Doty, St. Louis, MO, for appellants.

Chris Koster, Attorney General, Jeremiah J. Morgan, Deputy Solicitor General, Jefferson City, MO, for Respondent Carnahan.

Marc H. Ellinger and Stephanie S. Bell, Jefferson City, MO, for Intervenors/Respondents Nancy Rice and A Safer Missouri.

Before Division II: JOSEPH M. ELLIS, Presiding Judge, and ALOK AHUJA and MARK D. PFEIFFER, Judges.

MARK D. PFEIFFER, Judge.

Janey Archey, Jamala Rogers, Johnson Lancaster, and Justin M. Stein III ("Appellants") appeal the Judgment of the Circuit Court of Cole County, Missouri ("trial court"), approving the summary statement of an initiative petition ballot title. In their sole point on appeal, Appellants assert that the trial court erred in finding that the summary statement certified by the Secretary of State was fair and sufficient. We affirm.

**Factual and Procedural Background**

The Appellants brought a challenge to the legal sufficiency of the summary statement of the official ballot title of a proposed initiative petition that would repeal sections 84.010 and 84.220; amend sections 86.200, 86.213, and 105.726; and enact new sections 84.341, 84.342, 84.343, 84.344, 84.345, 84.346, and 84.347, relating to the establishment of a municipal police force by the City of St. Louis. The parties submitted the case to the trial court on stipulated facts.

A sample sheet for a proposed initiative petition regarding local control, version 7 ("Initiative Petition"), was submitted to Missouri Secretary of State Robin Carnahan ("Carnahan"). Carnahan sent a proposed summary statement for the initiative petition to the Missouri attorney general for review and approval, pursuant to section 116.334.[1] A few days later, the Missouri state auditor's office sent Carnahan the fiscal note summary approved by the attorney general's office, as well as the fiscal note. Thereafter, the attorney general sent an opinion letter to Carnahan approving the legal content and form of the summary statement. On December 21, 2011, pursuant to section 116.180, Carnahan certified the official ballot title of the Initiative Petition ("Official Ballot Title"). The summary statement of the Official Ballot Title of the Initiative Petition ("Summary Statement") certified by Carnahan read:

Shall Missouri law be amended to:

- allow any city not within a county (the City of St. Louis) the option of transferring certain obligations and control of the city's police force from the board of police commissioners currently appointed by the governor to the city and establishing a municipal police force;

- establish certain procedures and requirements for governing such a municipal police force including residency, rank, salary, benefits, insurance, and pension; and

- prohibit retaliation against any employee of such municipal police force who reports conduct believed to be illegal to a superior government agency, or the press?

On December 30, 2011, Appellants filed suit against Carnahan, challenging the Official Ballot Title of the Initiative Petition. Nancy Rice and A Safer Missouri, a Chapter 130 political action committee ("Intervenors"), were granted leave to intervene as a matter of right under Rule 52.12(a)(2). On March 8, 2012, the trial court entered judgment in favor of Carnahan and the Intervenors, finding that Carnahan's summary statement was fair and sufficient. Appellants timely filed their notice of appeal.

---

1. All statutory references are to RSMo Cum. Supp.2010, unless otherwise indicated.

## Standard of Review[2]

■ The proper standard of review for this bench-tried case based on a joint stipulation of facts is found in *Schroeder v. Horack*, 592 S.W.2d 742, 744 (Mo. banc 1979). *Mo. Prosecuting Attorneys v. Barton Cnty.*, 311 S.W.3d 737, 740 (Mo. banc 2010); *Overfelt v. McCaskill*, 81 S.W.3d 732, 735 (Mo.App. W.D.2002), *superseded in part by statutes*, §§ 116.175.5 & 116.190.4 (providing remedy for insufficient or unfair ballot titles). Because the case was submitted on stipulated facts and did not involve the trial court's resolution of conflicting testimony, our review is not governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); rather, " 'the only question before this court is whether the trial court drew the proper legal conclusions from the facts stipulated.' " *Schroeder*, 592 S.W.2d at 744 (quoting *Drysdale v. Cornerstone Bank*, 562 S.W.2d 182, 183 (Mo.App.1978)). Thus, our review is *de novo*. *Mo. Mun. League v. Carnahan*, 303 S.W.3d 573, 580 (Mo.App. W.D.2010).

## Analysis

■ When an initiative petition for a statutory change is proposed, it is the secretary of state's responsibility to certify the official ballot title of the initiative. § 116.180. The official ballot title consists of two parts: a summary statement and a fiscal note summary. § 116.010(4). This official ballot title is attached to the initiative petition as it circulates for signatures and appears on the ballot on election day. § 116.010(4). Section 116.190 provides a means for citizens to challenge the language of an official ballot title or fiscal note in circuit court.

In their sole point on appeal, Appellants contend that the trial court erred in finding that the summary statement contained in the official ballot title was fair and sufficient. Appellants do not dispute that the summary as prepared is a fair and sufficient summary of provisions in the proposed initiative; instead, they claim that the summary statement is unfair and insufficient because it inadequately and with bias, prejudice, deception, and favoritism failed to advise voters of two additional consequences of the proposed initiative: (i) exempting the St. Louis Police Department from application of the Sunshine Law, and (ii) requiring the Director of Revenue to disclose tax information, that is otherwise confidential, to the St. Louis Police Department.

■ The summary statement prepared by the secretary of state to describe the initiative must not exceed one hundred

2. Although the case was submitted to the trial court on stipulated facts by the parties, Appellants filed a motion for summary judgment, Carnahan filed a cross-motion for summary judgment, and Intervenors filed a motion denominated a request for judgment on stipulated facts and record (although the motion suggested the applicable standard of review was that for a Rule 74.04(c)(6) request for summary judgment. The trial court's judgment was entered in favor of both Carnahan and the Intervenors. We have observed that "summary judgment may not be the most efficient way to resolve a case where the parties agree as to the facts." *Betts–Lucas v. Hartmann*, 87 S.W.3d 310, 315 n. 5 (Mo.App. W.D.2002). "Trial under Rule 73.01 upon a stipulation of facts is subject to a different standard of review than is summary judgment under Rule 74. Summary judgment is not a substitute for trial and should not be utilized in that manner." *Id.* (internal citation omitted). Because the parties submitted the case to the trial court on stipulated facts, we use the standard of review first announced in *Schroeder v. Horack*, 592 S.W.2d 742, 744 (Mo. banc 1979). We note that our review of an appeal from a grant of summary judgment is also *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

words and "shall be in the form of a question using language neither intentionally argumentative nor likely to create prejudice either for or against the proposed measure." § 116.334. Within the 100–word limitation, the summary statement "is not required to set out the details of the proposal or resolve every peripheral question related to it." *Mo. Mun. League*, 303 S.W.3d at 586. "When a party challenges the language of the summary statement, '[t]he burden is on the opponents of the language to show that the language was insufficient and unfair.'" *Overfelt*, 81 S.W.3d at 738 (quoting *Hancock v. Sec'y of State*, 885 S.W.2d 42, 49 (Mo.App. W.D. 1994)). "[I]nsufficient means inadequate; especially lacking adequate power, capacity, or competence" and "unfair means to be marked by injustice, partiality, or deception." *Brown v. Carnahan*, 370 S.W.3d 637, 653 (Mo. banc 2012) (internal quotation omitted). "To create … a summary statement that is not insufficient or unfair, the summary statement must be adequate and state the consequences of the initiative without bias, prejudice, deception, or favoritism." *Id.* "The language used should fairly and impartially summarize the purposes of the measure so that voters will not be deceived or misled." *Id.* (internal quotation omitted). The summary statement "should accurately reflect the legal and probable effects of the proposed initiative." *Id.* First, Appellants contend that the Initiative Petition would preclude accused police officers and the public from their statutory right of access under the Sunshine Law to investigative reports where a crime, or suspected crime, by a police officer is investigated. They suggest that the summary statement should be revised to state that the proposed law would "[e]xempt the St. Louis police force from certain provisions of the Sunshine Law."

The Sunshine Law defines an "investigative report" as "a record, other than an arrest or incident report, prepared by personnel of a law enforcement agency, inquiring into a crime or suspected crime, either in response to an incident report or in response to evidence developed by law enforcement officers in the course of their duties." § 610.100.1(5). Under the Sunshine Law, investigative reports are closed records until the investigation becomes inactive. § 610.100.2.

The Initiative Petition does not refer to investigative reports prepared during a criminal inquiry. Rather, the Initiative Petition refers to "records prepared for disciplinary purposes." *Initiative Petition* § 84.344.8. The Initiative Petition provides that *if* the city elects to establish a municipal police force, then the civil service commission of the city *may* adopt rules and regulations for the police department's operation. *Id.* Those civil service rules and regulations shall provide that records prepared for *disciplinary* purposes shall be confidential, closed records, available solely to the civil service commission and to "those who possess authority to conduct investigations regarding disciplinary matters pursuant to the civil service commission's rules and regulations." *Id.* Similarly, the Sunshine Law authorizes a public governmental body to close its records relating to the "[h]iring, firing, *disciplining* or promoting of particular employees … when personal information about the employee is discussed or recorded." § 610.021(3) (emphasis added). Thus, because the Initiative Petition's confidentiality provision for disciplinary reports does not have the effect of exempting the St. Louis Police Department from application of the Sunshine Law, Appellants have not shown that the omission of this alleged consequence makes the summary statement insufficient or unfair.

■ Second, Appellants contend that the Initiative Petition gives the St. Louis Police Department access to confidential tax records from the Department of Revenue that no other law enforcement agency has. However, the Initiative Petition neither refers to disclosure of tax information nor expressly amends or repeals section 32.057.

Appellants speculate that the new section 84.341, which provides in part that "[n]o elected or appointed official of the [S]tate ... shall act or refrain from acting in any manner to impede, obstruct, hinder, or otherwise interfere with any member of a municipal police force ... in the performance of his or her job duties, or with any aspect of any investigation arising from the performance of such job duties," conflicts with section 32.057, which prohibits disclosure of tax information by the Department of Revenue, unless an exception applies. Section 32.057.1 provides in part: "it shall be unlawful for the director of revenue, ... [or] any person to whom authorized or unauthorized disclosure is made by the department of revenue ... to make known in any manner, to permit the inspection or use of or to divulge to anyone any information relative to any such report or return [filed with the department of revenue]." We see no necessary conflict between proposed section 84.341 and section 32.057. While proposed section 84.341 generally prohibits obstruction with police officers' performance of their duties, section 32.057 specifically addresses the disclosure of tax information. In addition, section 32.057.2(5) already authorizes disclosure of information to certain law enforcement personnel.

We need not definitively resolve the interplay between the two provisions, however. Even if the Initiative Petition had the effect of authorizing somewhat greater access to tax information than previously existed, in the context of the Initiative Petition as a whole, and in light of the applicable 100-word limit on the summary statement, we would not find that the omission of this detail rendered the summary statement insufficient or unfair. " '[E]ven if the language proposed by [Appellant] is more specific, and even if that level of specificity might be preferable, whether the summary statement prepared by the Secretary of State is the best language for describing the referendum is not the test.' " *Overfelt*, 81 S.W.3d at 738 (quoting *Bergman v. Mills*, 988 S.W.2d 84, 92 (Mo.App. W.D.1999)). " 'The important test is whether the language fairly and impartially summarizes the purposes of the measure, so that the voters will not be deceived or misled.' " *Id.* (quoting *Bergman*, 988 S.W.2d at 92). "The ballot title is sufficient and fair if it 'makes the subject evident with sufficient clearness to give notice of the purpose to those interested or affected by the proposal.' " *Id.* (quoting *United Gamefowl Breeders Ass'n of Mo. v. Nixon*, 19 S.W.3d 137, 140 (Mo. banc 2000)).

The summary statement at issue was neither unfair nor insufficient based on the record before us and, contrary to the Appellants' assertions, does not appear to be deceptive or misleading. The summary statement describes the primary objective of the proposed initiative: to permit any city not within a county to establish a municipal police force; to provide for an orderly transition in the governance of the police force; and to provide for an equitable employment transition for commissioned and civilian personnel. In summarizing the proposed new sections and amended sections, the summary statement was within the 100-word limit. Within the confines of the word limit, "the ballot title is not required to set out the details of the proposal or resolve every peripheral question related thereto." *Id.* at 739 (citing

*United Gamefowl Breeders Ass'n of Mo.,* 19 S.W.3d at 141). "While there may be aspects of the ballot initiative or consequences resulting therefrom that Appellant[s] would have liked to have seen included in the summary statement, their exclusion does not render the summary statement either insufficient or unfair." *Id.* "The test is not whether increased specificity and accuracy would be preferable or provide the best summary[;] [r]ather, the important test is whether the language fairly and impartially summarizes the purposes of the initiative." *Brown,* 370 S.W.3d at 656 (citation omitted) (internal quotation omitted).

The trial court found that the details Appellants selected were actually proposed interpretations of the law or required speculative inferences. The trial court concluded that the summary statement complied with the requirements of Chapter 116 and fairly and impartially summarized the purposes of the measure so that voters would not be deceived or misled. The trial court's legal conclusion from the stipulated facts was proper.

Point denied.

## Conclusion

The trial court's Judgment is affirmed.

JOSEPH M. ELLIS, Presiding Judge, and ALOK AHUJA, Judge, concur.