

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

STATE OF MISSOURI EX REL. JASON KANDER, MISSOURI SECRETARY OF STATE, )
)
)
)
Relator, )
)
v. )
)
)
)
THE HONORABLE DANIEL R. GREEN, CIRCUIT JUDGE, )
)
)
Respondent. )

**WD78471**

**OPINION FILED:**
**June 9, 2015**

## ORIGINAL PROCEEDING FOR REMEDIAL WRIT OF PROHIBITION

**Before Writ Division:** Karen King Mitchell, Presiding Judge, and
Victor C. Howard and Lisa White Hardwick, Judges

Relator, the Missouri Secretary of State, seeks a writ prohibiting Respondent, the Honorable Daniel Green, Circuit Judge of Cole County, from ordering the Secretary to respond to numerous discovery requests in the underlying action. We issued a preliminary writ. Because the vast majority of the requested discovery is not relevant to the subject matter involved in the pending litigation, in that it is not reasonably calculated to lead to the discovery of admissible evidence, we now make our preliminary writ absolute as to all of the requested discovery, with the exception of Interrogatories 1 and 4.

**Facts and Procedural Background**

Laura Reeves, the plaintiff below, is an opponent of Initiative Petition 2016-005 ("the Petition").[1]  She filed suit under section 116.190,[2] in the Circuit Court of Cole County, challenging the Secretary's summary statement as insufficient and unfair.[3]  The suit contained allegations that the Secretary was an outspoken proponent of campaign finance reform, and ethics reform in general, and that the summary statement was therefore "the result of a biased and prejudiced process controlled and overseen by a proponent of the changes in the" Petition.

Reeves served discovery requests upon the Secretary, including interrogatories, requests for production, and requests for admission.  The bulk of the requests referred to the Secretary's personal beliefs about campaign finance and ethics reform generally, including requests related to public and private positions that the Secretary has taken on the subject matter of the Petition, as well as the Secretary's role in drafting ballot summaries.  The Secretary objected to each request, arguing that the views of the Secretary on the substance of the Petition were irrelevant[4] to the legal issue of the sufficiency and fairness of the summary statement.  Reeves filed a motion to compel, which the trial court granted, ordering the Secretary to respond to each discovery request within 14 days.  The trial court stayed its order for three days so that the Secretary could attempt to obtain extraordinary relief from this court. We issued our preliminary

---

[1] The specific content of the Petition and the summary statement are not relevant under our present procedural posture.  The Petition generally deals with ethics reform and would, among other things, set limits on the contributions that candidates for office could receive, limit the amount of gifts that legislators and their employees could receive from lobbyists, and prohibit legislators and their staffs from working as lobbyists for a period of time.

[2] All statutory citations are to the Revised Statutes of Missouri (2000), as updated through the 2014 Cumulative Supplement, unless otherwise noted.

[3] Reeves also claimed that the State Auditor's fiscal note and fiscal note summary were insufficient and unfair and that the Petition violated various provisions of the Missouri and United States Constitutions.  These separate counts are not at issue here.

[4] Two interrogatories do not appear to fall under the Secretary's arguments.  Interrogatory 1 simply requests the identities of the individuals preparing the responses, while Interrogatory 4 requests the identity of any expert that the Secretary intends to call at trial, along with the expert's qualifications and the subject matter of the proposed testimony.  We do not see how these interrogatories are objectionable on the grounds that the Secretary has asserted.  If the Secretary does not plan to call an expert, he should simply say so in a timely response.

writ on April 29, 2015. Following expedited briefing and argument, we make the preliminary writ absolute as set forth herein.

## Standard of Review

In reviewing the actions of the trial court, we defer to the trial court's factual determinations and review questions of law de novo. *Hoit v. Rankin*, 320 S.W.3d 761, 765 (Mo. App. W.D. 2010).

"A trial court has broad discretion in controlling, managing, and administering the rules of discovery." *State ex rel. Humane Soc'y of Mo. v. Beetem*, 317 S.W.3d 669, 672 (Mo. App. W.D. 2010). "We will interfere with the trial court's exercise of discretion regarding discovery issues only when we deem it to have abused its discretion." *Id.* "'The trial court abuses [its] discretion if its order is clearly against the logic of the circumstances, is arbitrary and unreasonable, and indicates a lack of careful consideration.'" *Id.* (quoting *State ex rel. Ford Motor Co. v. Messina*, 71 S.W.3d 602, 607 (Mo. banc 2002)). "A writ of prohibition is the proper remedy for an abuse of discretion during discovery." *Id.* "The party seeking the writ has the burden of proving that the trial court abused its discretion." *Id.*

"To avoid encroachment on the people's constitutional authority, courts will not sit in judgment on the wisdom or folly of the initiative proposal presented . . . ." *Brown v. Carnahan*, 370 S.W.3d 637, 645 (Mo. banc 2012). "When courts are called upon to intervene in the initiative process, they must act with restraint, trepidation and a healthy suspicion of the partisan who would use the judiciary to prevent the initiative process from taking its course." *Missourians to Protect the Initiative Process v. Blunt*, 799 S.W.2d 824, 827 (Mo. banc 1990).

3

**Analysis**

**I.      Initiative Process**

"Before an initiative petition appears on the ballot, the requirements of chapter 116 must be met." *Brown*, 370 S.W.3d at 645.  Our Supreme Court has summarized that process as follows:

> Section 116.120.1 provides that the secretary of state shall examine any submitted petition to determine that it complies with the Missouri Constitution and chapter 116.  Section 116.332.1 provides that, after receiving a proposed initiative petition, the secretary of state refers a copy of the petition to the attorney general for approval of the sufficiency of the petition as to its form.  Section 116.332.1 also provides that a copy of the petition must be sent to the state auditor for "purposes of preparing a fiscal note and fiscal note summary." *See also* sec. 116.175 (instructing that the auditor "shall assess the fiscal impact of the proposed measure").
>
> The secretary of state reviews the attorney general's comments regarding the form of the petition and then makes a final decision to approve or reject the proposed petition.  Sec. 116.332.3.  Once a petition is approved as to its content and form, section 116.334.1 instructs that the secretary of state prepare a "concise" summary statement of the proposed measure. . . .  The secretary of state's summary statement requires approval by the attorney general.  Sec. 116.334.1. Pursuant to section 116.180, after the secretary of state receives the attorney general's approval for the summary and receives the approved fiscal note and fiscal note summary, the secretary of state certifies the official ballot title.  The official ballot title consists of the secretary of state's summary statement and the fiscal note summary, and it is provided to the person circulating the petition for signatures and must be affixed to each page of the petition prior to its circulation for signatures.  Sec. 116.180.  The petitioner then begins to circulate the proposed measure to gather the signatures necessary to submit it to the secretary of state for placement on the ballot.

*Id*. at 645-46 (internal footnotes omitted).

Section 116.334.1 provides that the Secretary's summary statement cannot exceed 100 words, must be written in the form of a question, and cannot use language that is "intentionally argumentative" or that is "likely to create prejudice either for or against the proposed measure." "Any citizen who wishes to challenge the official ballot title . . . for a statutory initiative or

4

referendum measure, may bring an action in the circuit court of Cole County. The action must be brought within ten days after the official ballot title is certified by the" Secretary. § 116.190.1.

## II. Scope of Discovery

Rule 56.01(b) governs the scope of discovery. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action . . . ." Rule 56.01(b)(1). The discovery sought need not necessarily be admissible at trial; rather, it must be "reasonably calculated to lead to the discovery of admissible evidence." *Id*.

"The party seeking to obtain discovery has the burden of establishing the relevance of the information in order to obtain it." *Humane Soc'y of Mo.*, 317 S.W.3d at 672. We must, therefore, determine whether Reeves met her burden of showing that her proposed discovery request was reasonably calculated to lead to the discovery of admissible evidence.

## III. The Secretary's personal beliefs regarding the subject of the initiative are not relevant to determining if the summary statement is unfair or insufficient.

"The issue to be decided in the context of a ballot title challenge is set forth in section 116.190." *Humane Soc'y of Mo.*, 317 S.W.3d at 672-73. A citizen may challenge only whether "the summary statement portion of the official ballot title is *insufficient* or *unfair*." § 116.190.3 (emphasis added). The trial court "shall consider the petition, hear arguments, and in its decision certify the summary statement portion of the official ballot title to the secretary of state." § 116.190.4.

"When reviewing whether the secretary of state . . . ha[s] complied with the fairness and sufficiency requirements under section 116.190, [an appellate court] considers that 'insufficient means inadequate; especially lacking adequate power, capacity, or competence' and 'unfair means to be marked by injustice, partiality, or deception.'" *Brown*, 370 S.W.3d at 653 (quoting

5

*Humane Soc'y of Mo.*, 317 S.W.3d at 673). Thus, "the summary statement must be adequate and state the consequences of the initiative without bias, prejudice, deception, or favoritism." *Id*. at 654. The summary must "'fairly and impartially summariz[e] the purposes of the measure so that voters will not be deceived or misled,'" *Mo. Mun. League v. Carnahan*, 364 S.W.3d 548, 552 (Mo. App. W.D. 2011) (quoting *Cures Without Cloning v. Pond*, 259 S.W.3d 76, 81 (Mo. App. W.D. 2008)), and "should accurately reflect the legal and probable effects of the proposed initiative." *Brown*, 370 S.W.3d at 654.

Given this standard, it is clear that a court's review of a section 116.190 challenge involves a review of the language of the ballot summary and a comparison of the summary's language to the provisions of the Initiative; it does not require any foray into the state of mind of the summary's drafters. "We judge the final product of [the Secretary's] efforts," i.e., the actual language of the ballot summary. *Humane Soc'y of Mo.*, 317 S.W.3d at 673. And we fail to see how the "motives of" the Secretary are in any way "relevant to the court's analysis of the Secretary's summary statement." *Id*.

Reeves argues that the Secretary's position on the subject matter of the Petition is relevant to the determination of whether the language of the summary statement is insufficient or unfair because section 116.334 prohibits the Secretary from using "intentionally argumentative language." Reeves has alleged that an "unfair process" created the summary statement, and argues that the Secretary's opinion on the merits of the Petition are relevant because she must prove that the Secretary's bias caused him to draft an "intentionally argumentative" summary.

Reeves's argument overlooks the fact that section 116.334 refers only to whether the *language* used in the ballot summary is intentionally argumentative; it does not refer to the subjective intent of anyone involved in the drafting process. Certainly Reeves does not mean to

argue that a neutral and well-meaning Secretary of State could not, either through inadvertence or incompetence, produce a summary statement with language so argumentative that the summary is insufficient or unfair. But according to Reeves, the word "intentionally" refers to the drafter's subjective state of mind. Under this reading, a ballot summary that includes argumentative language would be perfectly acceptable, so long as a challenger was unable to prove that the Secretary's subjective intent was to write it in that manner. But that is not the standard. A ballot summary is insufficient or unfair only if it is either "[in]adequate [or] state[s] the consequences of the initiative with[] bias, prejudice, deception, or favoritism." *Brown*, 370 S.W.3d at 654. An unduly argumentative ballot summary falls within this prohibition and will be found to be insufficient or unfair, regardless of the intent of the drafter. Accordingly, Reeves has no burden to show any sort of bias on the part of the Secretary and has failed to show how a discovery request related to the Secretary's personal views about the subject matter of the Petition was in any way calculated to lead to the discovery of evidence relevant to the present action.

Indeed, it is odd that Reeves would wish to take on an additional burden in this matter—proving subjective intent—when no court addressing the issue has ever implied that the Secretary's subjective beliefs are in any way relevant or that a petitioner bears such a burden. Courts reviewing ballot summary challenges have unanimously indicated that the *language* of the ballot summary is the relevant consideration. "In reviewing the sufficiency and fairness of a summary statement, the critical test is 'whether the language fairly and impartially summarizes the purposes of the measure, so that voters will not be deceived or misled.'" *Mo. Mun. League v. Carnahan*, 303 S.W.3d 573, 583 (Mo. App. W.D. 2010) (quoting *Bergman v. Mills*, 988 S.W.2d 84, 92 (Mo. App. W.D. 1999)). "A ballot title is sufficient and fair if it 'makes the subject

evident with sufficient clearness to give notice of the purpose to those interested or affected by the proposal.'" *Id.* (quoting *United Gamefowl Breeders Ass'n of Mo. v. Nixon*, 19 S.W.3d 137, 140 (Mo. banc 2000)); s*ee, e.g., Bergman*, 988 S.W.2d at 92 (The issue is whether "the language is insufficient and unfair."); *Archey v. Carnahan*, 373 S.W.3d 528, 532 (Mo. App. W.D. 2012) ("When a party challenges the language of the summary statement, [t]he burden is on the opponents of the language to show that the language was insufficient and unfair." (internal quotations omitted)). Therefore, the appropriate inquiry involves both a review of the ballot summary to ensure that it does not use language that is intentionally argumentative and a comparison of the summary to the provisions of the ballot measure to ensure that the summary fairly and adequately summarizes the proposed measure.

To understand the fallacy of the approach advocated by Reeves, we need only consider how such an approach would be applied. If a summary statement were prepared by a Secretary of State who had no personal opinion about the subject matter of the proposed initiative, and in a section 116.190 challenge, the court found the summary statement not to be unfair or insufficient, the court would reject the challenge and the initiative would be circulated with the summary statement as drafted. But, if the same summary statement were drafted by a Secretary of State who had a personal opinion about the advisability of the proposed initiative, under Reeves's theory, the summary would be rejected as intentionally argumentative. This would mean that, if evidence of bias on the part of the Secretary were admissible, and if a court concluded that the Secretary was biased either in favor of or against an initiative, the court would be obligated to rewrite a summary that is not otherwise unfair or insufficient in order to make the summary better. We have consistently held that it is not the job of the courts to write a "better" summary. *Missourians Against Human Cloning v. Carnahan*, 190 S.W.3d 451, 457 (Mo. App.

8

W.D. 2006) ("'Whether the summary statement prepared by the Secretary of State is the best language for describing the [initiative] is not the test.'" (quoting *Bergman*, 988 S.W.2d at 92)); *Asher v. Carnahan*, 268 S.W.3d 427, 431 (Mo. App. W.D. 2008) ("If charged with the task of preparing the summary statement for a ballot initiative, ten different writers would produce ten different versions."); *Seay v. Jones*, 439 S.W.3d 881, 889 (Mo. App. W.D. 2014) ("There is no uniquely correct language for a summary statement to which the drafter must adhere; to the contrary, 'there are many appropriate and adequate ways of writing the summary ballot language.'" (quoting *Asher*, 268 S.W.3d at 432)).

Secretaries of State are officials elected in a partisan statewide election, who are likely to have positions on many of the important issues of the day. And initiative petitions often address important and controversial issues. Yet the statutes provide the Secretary with the duty to prepare ballot summaries despite these facts. Section 116.190 provides for judicial review to ensure that the Secretary's final product is a fair and sufficient summary of the Petition.[5] But we are aware of no presumption that an elected official cannot act in his lawful capacity merely because he has a subjective opinion on an issue.

Indeed, Chapter 116 appears to presume actual proponents of initiative petitions can, contrary to Reeves's assertion, prepare a fair and sufficient ballot summary. For example, the legislature "may include the official summary statement . . . in any statewide ballot measure that it refers to the voters." § 116.155.1. Identical to the requirements for ballot summaries created by the Secretary, the legislature's ballot language must be "neither intentionally argumentative

_____

[5] "Requiring fairness and sufficiency of an initiative's summary statement, fiscal note, and fiscal note summary reflects that there are 'procedural safeguards [in the initiative process that] are designed either, (1) to promote an informed understanding by the people of the probable effects of the proposed amendment, or (2) to prevent a self-serving faction from imposing its will upon the people without their full realization of the effects of the amendment.'" *Brown v. Carnahan*, 370 S.W.3d 637, 654 (Mo. banc 2012) (quoting *Buchanan v. Kirkpatrick*, 615 S.W.2d 6, 11-12 (Mo. banc 1981)).

9

nor likely to create prejudice either for or against the proposed measure." § 116.155.2. And, as with the Secretary's ballot summary, the legislature's language is subject "to [judicial] challenge" on the grounds that it is "insufficient or unfair," under precisely the same statute. § 116.190.1, .3. The legislative ballot summary will normally be prepared by or for the bill's sponsor—someone who plainly has an interest in seeing the measure become law. *See* § 116.190.2 ("the sponsor of the measure . . . shall be [a] named party defendant[] in any action challenging the official summary statement"). Yet Chapter 116 contains no indication that this interest creates any presumption that the legislature's summary is insufficient or unfair. *Coburn v. Mayer*, 368 S.W.3d 320, 324 (Mo. App. W.D. 2012) (analyzing whether legislatively drafted summary statement was "insufficient or unfair" under section 116.190.2 and employing the same standard as that used for a summary prepared by the Secretary of State); *Seay*, 439 S.W.3d at 888 (When a party challenges a legislatively prepared ballot summary "'[t]he burden is on the opponents of the language to show that the language was insufficient [or] unfair.'") (quoting *Overfelt v. McCaskill*, 81 S.W.3d 732, 738 (Mo. App. W.D. 2002)).

In light of the foregoing, it is clear that the Secretary's stated views as they relate to Initiative Petition 2016-005—whether he is its staunchest advocate or most vociferous opponent—have no relevance to the question at issue: whether the Secretary's ballot summary is insufficient or unfair. Even if Reeves were to show that the Secretary is biased in favor of the Petition, that "is not the test"; the issue is whether "the *language* was insufficient and unfair." *Bergman*, 988 S.W.2d at 92 (emphasis added). Accordingly, we must decline Reeves's invitation to pull the courts into what promises to be a fishing expedition into the Secretary's political thoughts and beliefs—a foray that "would likely distort and improperly expand the court's role beyond its limited function of determining only whether the language of the

10

summary statement is insufficient or unfair." *Humane Soc'y of Mo.*, 317 S.W.3d at 674. "[A] court's role 'is not to act as a political arbiter between opposing viewpoints in the initiative process.'" *Id.* at 673 (quoting *Missourians Against Human Cloning*, 190 S.W.3d at 456). Rather, "political question[s are] properly committed to the legislative and executive branches of our government." *Maryland Heights Leasing, Inc. v. Mallinckrodt, Inc.*, 706 S.W.2d 218, 221 (Mo. App. E.D. 1985). "Judicial intervention is not an appropriate substitute for the give and take of the political process." *Humane Soc'y of Mo.*, 317 S.W.3d at 674.

The Secretary of State asks this court to hold that discovery is never appropriate in section 116.190 challenges, either because the language of the statute does not provide for discovery or because the question of whether the summary is unfair or insufficient is purely a question of law on which no evidence is necessary. While we believe that evidence would be appropriate rarely, if ever, to address a challenge to a ballot summary, we decline to categorically bar discovery on that belief. Rather, we hold that evidence of a Secretary of State's personal beliefs about the subject of an initiative petition is neither relevant nor reasonably calculated to lead to discovery of evidence admissible in a section 116.190 action.

"We hold that the trial judge, who is educated and skilled in the English language, is able to determine . . . whether the Secretary's summary [employs language that is intentionally argumentative, or is otherwise unfair or insufficient] without having to resort to" discovery reflecting a Secretary's support for, or opposition to, the Petition. *Id.* at 672.

**Conclusion**

Because Reeves has pointed to no factual issue for which her proposed discovery request has any relevance or is "reasonably calculated to lead to the discovery of admissible evidence," she has failed to meet her burden to establish a right to the discovery. Rule 56.01(b)(1).

Accordingly, the preliminary writ of prohibition is made absolute to the extent it prohibits the trial court from enforcing its March 24th order, with the exception of Interrogatories 1 and 4. In all other respects, the writ application is denied.

_____
Karen King Mitchell, Presiding Judge

Victor C. Howard and Lisa White Hardwick, Judges, concur.